IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **HOLLY COGGIN HAYES,** § | |
| § | |
| v. § | |
| § | |
| **NACOGDOCHES COUNTY, TEXAS** § | |
| **SHERIFF JASON BRIDGES, in his Official** § | |
| **Capacity, GARY BRITTAIN, Individually,** § | |
| **and in his Official Capacity, BRAD** § | |
| **JIMMERSON, Individually, and in his** § | Case No. 6:15-CV-608-JDL |
| **Official Capacity as an Employee of** § | |
| **Nacogdoches County, Texas,** § | |
| **WOOD COUNTY, TEXAS, SHERIFF JIM** § | |
| **BROWN, in his Official Capacity, DEPUTY** § | |
| **MANDY COLE, Individually, and in her** § | |
| **Official Capacity, and SARAH** § | |
| **THREADGILL, Individually, and in her** § | |
| **Official Capacity.** § | |

## MEMORANDUM OPINION AND ORDER

On October 25, 2016, the undersigned issued a Memorandum Opinion and Order (Doc. No. 97) granting Defendants Nacogdoches County, Texas, Sheriff Jason Bridges, in his Official Capacity, Gary Brittain, Individually, and in his Official Capacity, and Brad Jimmerson's, Individually, and in his Official Capacity as an Employee of Nacogdoches County, Texas Motion for Summary Judgment (Doc. No. 35), and Defendants Wood County, Texas, Sheriff Jim Brown, in his Official Capacity, Deputy Mandy Cote, Individually, and in her Official Capacity, and Sarah Threadgill's, Individually and in her Official Capacity Motion for Summary Judgment (Doc. No. 36).

Plaintiff Hayes filed a Motion for New Trial pursuant to Fed. R. Civ. P. 59 on November 21, 2016 (Doc. No. 99). Ms. Hayes reasserts many of the same arguments and claims she made

on summary judgment, and does not present any new or previously undiscovered evidence in requesting reconsideration.

For the reasons discussed below, the Court **DENIES** Ms. Hayes' Motion (Doc. No. 99), and the Court's final judgment entered on May 26, 2016 (Doc. No. 98) stands.

A motion for a new trial brought under Fed. R. Civ. P. 59(a) presupposes that a trial has occurred. *See McGillivray v. Countrywide Home Loans, Inc.*, 360 Fed. Appx. 533, 535 n. 1 (5th Cir. 2010). Where a party has brought forth a motion seeking reconsideration of entry of summary judgment, courts treat and analyze a Rule 59(a) motion for new trial as a Rule 59(e) motion to alter or amend judgment. *Id.*; *see also Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 748 n.9 (5th Cir. 2006). Because no trial has occurred in this case, the Court accordingly treats Ms. Hayes' motion as a motion to alter or amend judgment under Rule 59(e).

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In Re Transtexas Gas. Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A motion to alter or amend judgment is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id*. at 478-479. "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id*. at 479. In the Fifth Circuit, Rule 59(e) standards "favor the denial of motions to alter or amend a judgment." *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact. *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012) (citing *Schiller v.*

*Physicians Res. Grp. Inc.,* 342 F.3d 563, 567 (5th Cir.2003)). A motion under Rule 59 cannot be used to raise arguments or claims "that could, and should, have been made before the judgment issued." *Id.* (citing *Marseilles Homeowners Condo. Ass'n v. Fidelity Nat. Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008)).

Ms. Hayes concedes in her motion that she has "no 'new' or previously undiscovered evidence to present to the Court." Doc. No. 99 at 5.

Instead, Ms. Hayes "point[s] out caselaw which further supports a new trial." *Id*. Neither of the two non-binding cases cited by Ms. Hayes represents an intervening change in the law, nor do their holdings run contrary to the Court's analysis. *Id*. at 7-8 (citing *Sanchez v. Cnty. of Essex*, Civil Action No. 15-3391, 2016 WL 4577008, at *4 (D.N.J. Sept. 1, 2016); *Cotto v. City of Middletown*, 158 F. Supp. 3d 67, 83 (D. Conn. 2016)).

Ms. Hayes relies on *Sanchez* to argue that judicial scrutiny should apply to her case in light of *Florence* because her detention had not been reviewed by an officer. *Id*. at 7. However, as the court in *Sanchez* noted, the plaintiff in *Florence* alleged that "the jail's decision to strip search him was unreasonable *not because it was conducted in an unreasonable manner* but because it lacked sufficient justification; namely, that it was conducted absent individualized suspicion that he was concealing contraband." *Sanchez*, at *5 (emphasis in original).

The Court conducted a thorough analysis of *Florence*, and found that Officer Threadgill possessed individualized reasonable suspicion as a matter of law. Doc. No. 97 at 35. Ms. Hayes presents no new evidence or argument that would show otherwise. To the extent Ms. Hayes argues that the search was carried out in an impermissible manner, Ms. Hayes fails to present new or previously undiscovered evidence that Threadgill acted in an objectively unreasonable

manner. *See* Doc. No. 99. Ms. Hayes' reliance on *Sanchez* as a basis for reconsideration is unpersuasive.

Moreover, the facts in *Cotto* that led to a jury verdict holding observing officers of a strip search liable for failure to intervene are substantially distinguishable from the facts at hand, and are inapposite to the issues and facts of this case.[1] The Court finds no basis for reconsideration in light of *Cotto*.

Finally, the Court notes that Ms. Hayes does not argue that the Court made a manifest error of law or fact.

Ms. Hayes' motion essentially rehashes all of the arguments and evidence already considered by the Court on summary judgment, and relies on two cases which do not affect or change the Court's analysis. As Ms. Hayes has not presented any valid ground under 59(e) to support her motion, *i.e.*, an intervening change in the law, newly discovered evidence, or a manifest error of law or fact, the Court **DENIES** the Motion for New Trial (Docket No. 99). The Court's Final Judgment issued on October 26, 2016 (Docket No. 98) stands.

---

[1] In *Cotto*, three officers watched as Cotto was strip searched in a public place for an hour, in full view of bystanders, without making any effort whatsoever to block Cotto from view, and where the officer conducting a search used his bare, ungloved hand to conduct the search despite knowing that gloves were easily available in his car. The officer then did not return Cotto's shoes after it was determined that he did not contain contraband, but instead left Cotto to stand in his socks on a cold street for an extended period of time. The officer also aimed a racial epithet and an obscenity at Cotto. *See Cotto*, 158 F. Supp. 3d at 80.

**So ORDERED and SIGNED this 3rd day of March, 2017.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE